NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JATINDER SINGH, | No.   14-71031 |
| Petitioner, | Agency No. A200-941-919 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016 **

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Jatinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   Our

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Singh's testimony and his declaration regarding alleged police visits and Singh's father's party affiliation. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Singh's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim also fails because it is based on the same statements the agency found not credible and Singh does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to India. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006). We do not have jurisdiction to review Singh's contention that the agency failed to consider country conditions evidence in evaluating his CAT claim because he did not raise this issue

14-71031

to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no

jurisdiction over claims not presented below).   We reject Singh's contention that

the agency's CAT analysis was deficient.   Thus, Singh's CAT claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

14-71031